*IN THE UNTIED STATES DISTRICT COURT*
*EASTERN OF NEW YORK*

U.S. ... D.N.Y.

★ JUL 2? 2?26 ★

BROOKLYN ...ICE

*KALEEL FELDER*

**PLAINTIFF**

*-against-*

*. PHILLIP ARENA, et al.,*

*DEFENDANT(S)*

*MOTION FOR THE*
*APPOINTMENT OF*
*COUNSEL FOR*
*INTERROGATORIES*
*No. 2:25-CV-0073(PKC)(SIL)*

*PLAINTIFF, KALEEL FELDER* pursuant to 28 U.S.C.A § 1915 (d) humbly request this Court to appoint a counsel to conduct interrogatories on plaintiff behalf in this litigation before the Court.

"In deciding whether to appoint counsel for indigent civil litigants pursuant to Federal statute, district judge should first determine whether the indigent's position likely to be of substantial; if claim meets the threshold requirement, Court should then consider indigent's ability to investigate crucial facts, whether conflicting evidence implicating need for cross-examination will be major proof presented to present the case, complexity of legal issues and any special reason in that case, why appointment of counsel would be more likely to lead to just determination. 28 U.S.C.A § 1915 (d).

**THE FOLLOWING ARE THE GROUNDS FOR SAID REQUEST:**

1. The plaintiff is unable to afford counsel to represent plaintiff in the entitle litigation before the Court. "The Court may request an attorney to represent and [indigent] person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d)

2. The plaintiff has filed a motion for forma pauperis on above 2024, and said motion were approve on or about, 2024, by the **Honorable U.S. ,MAGISTRATE Judge STEVEN I LOCKE.**

3. On February 26, 2025, the Honorable *Paul J. Evangelista ORDER A MANDATORY PRETRIAL DISCOVERY and Scheduling ORDER in CIVIL RIGHTS ACTION. Plaintiff is acting Pro/Se in this litigation an is not knowledgeable in the practice of civil litigation.* "Clear legal principles in the directs governing § 1915 (e) appointment of counsel are few, of course, the statute must be understood to guarantee indigents "meaning full access" to the courts as required by the constitution, *(1) Unlike in criminal cases, in civil cases, there is no requirement that court supply indigent litigant with counsel* See *Hodge v. Police Officers, 802 F 2d 58, 60 (2d Cir 1986).* Instead, the courts have "broad discretion" when deciding whether to seek pro Bono representation for a civil litigant. I'd even if a court does believe that a litigant should have a free lawyer, under the in forma pauperis statute, a court has no authority to appoint "counsel, but instead, may only request the services of Pro Bono counsel sparingly, and

with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigant whose cases are truly deserving. ***Cooper v. Sargenti* Co., Inc 877 F2d 170, 172-73 (2d Cir 1989)** In Hodge, the second Circuit Court of Appeals set forth the factors a court should consider in deciding whether to grant a litigant's request for pro Bono counsel. 802 F. 2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed in forma pauperis. The court must then consider whether the litigant's claim "seems likely to be of substance"- " a requirements that must be taken seriously." Id. At 60-61. If these threshold requirements are met, the court must next consider such factors as:

4. The indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination. Given the early stages of the proceeding, the Court may request that counsel appear for the limited purpose of conducting discovery. In addition,Pro Bono counsel may engage in settlement discussions. Pro Bono counsel will not be obligated for any aspect of plaintiff representation beyond the matters described in plaintiff request.

5. This is the second request made to this court concerning assignment of Pro-Bono counsel. The first request were deny without prejudice in that requested plaintiff

enter a request for assignment of Pro Bono trail counsel. One consideration for the assignment of Pro Bono are the nature of the factual issues the claim present. For example, the case might require substantial factual investigation. An indigent prisoner bringing such a case would be unable to conduct the investigation; these circumstances would militate toward appointing counsel." See *Maclin, 650 F.2d at 887 (citing Peterson v. Nadler, 452 F.2d 754 (8th Cir 1971)*

6. "In determine whether to grand an application seeking appointment of counsel the court must consider the merits of plaintiff case the plaintiff ability to pay for private counsel, his efforts to obtain a lawyer the availability of counsel and the plaintiff ability together the facts and deal with the issue if unassisted by counsel." See *Cooper v. Sargenti Co. Inc, 877 F.2d 170; 172 (2d Cir 1980)*

7. Plaintiff understand that if I am assigned a lawyer and my lawyer learns, either from plaintiff or so where else, that I can afford a lawyer, the lawyer may give this information to the Court.

8. Plaintiff understand that if my answers on the application to proceed inform pauperis or affidavit in support of application for appointment of counsel are false, my case can be dismissed.

9. Plaintiff understand that in making this application does not excuse plaintiff responsibility to have the defendant(s) served with a summons and complaint, if plaintiff have not already done so.

10. Plaintiff has not made any previous request for appointment of counsel any part of the discovery processing in this litigation. Plaintiff is restating this request and ask the Court honor said request.

*WHEREFORE I,KALEEL FELDER,* being duly sworn and State that I have personal knowledge of all the assertion made in motion and furthermore state that they are true and I make this sworn statement under the rule of penalty of prejudice.

*KALEEL FELDER Pro/Se*

*Sworn to before me this_____ of_____2025,*

*NOTARY PUBLIC*

WOODBOURNE CORRECTIONAL FACILITY
99 Prison Road
P.O. Box 1000
WOODBOURNE N.Y. 12788-1000

NAME: Kaleel Felder DIN: 25R2414

ALBANY NY 120
WOODBOURNE
16 JUL 2026 PM 1 L

NEOPOST
07/15/2026
US POSTAGE $001.07⁰

FIRST-CLASS MAIL
IMI

CORRECTIONAL FACILITY

ZIP 12788
041M11284544

Honorable Steven I. Locke
magistrate Judge
225 ~~xxx~~ cadman Plaza East
Brooklyn NY. 11201
Clerk of U.S. District court
Eastern district of new york.

**LEGAL MAIL**



NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
INCARCERATED INDIVIDUAL CORRESPONDENCE PROGRAM

NAME: *Kalul Fers* DIN: *05R2414*

♻ **Printed On Recycled Paper**